UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| JUANITA COATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-0191 (ABJ) |
| | ) | |
| EDGEWOOD MANAGEMENT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Juanita Coates has brought this action against defendant Edgewood Management Corporation ("Edgewood"),[1] alleging that Edgewood discriminated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the District of Columbia Human Rights Act ("DCHRA") when it paid her a lower wage than her male co-workers. Compl. ¶¶ 4, 7, 9. Edgewood has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff's claims are untimely under the applicable statutes of limitations. Def.'s Mot. to Dismiss [Dkt. # 6] ("Def.'s Mot."); Mem. of P. & A. in Supp. of Def.'s Mot. [Dkt. # 6-1] ("Def.'s Mem.").

---

1  Plaintiff identifies the defendant as "Field Payroll LLC" in the caption, but plaintiff states in her complaint that she "files [the] complaint against Defendant Edgewood Management Corporation (EMC) (Now Field Payroll, LLC)." Ex. 3 to Notice of Removal [Dkt. # 1-3] ("Compl."). In its notice of removal, defendant clarifies that the two companies "are two separate but related entities," and that plaintiff "performed services for Edgewood Management Corporation, but she was technically employed by Field Payroll LLC, an affiliate, pass-through payroll company of Edgewood Management Corporation." Notice of Removal [Dkt. # 1] at 1 n.1. "Edgewood respectfully requests that the Clerk of Court correct the record and docket for this matter to reflect Edgewood Management Corporation as the proper defendant." *Id.* Because plaintiff has not objected to this correction, and because it appears that she sought to sue Edgewood and only named Field Payroll LLC in the caption because she was under the impression that this was Edgewood's new name, the Clerk of Court is ordered to make this change.

Because plaintiff did not file this lawsuit in a timely fashion as required by Title VII and the DCHRA, defendant's motion to dismiss will be granted.

**BACKGROUND**

Plaintiff was employed by defendant as a Maintenance Technician II from July 10, 2013 through October 21, 2015. Compl. ¶ 3. Plaintiff's starting rate of pay was $13.00 per hour, and by the time her employment ended, "she was making $13.33 per hour." *Id.* Plaintiff claims that she "came to know during her course of work that with her certificates and expertise the only reason she earned the rate she did was because of her gender," and that if "she had been male" her rate of pay "would have been $22 an hour." *Id.* ¶ 4. She alleges that she "made several attempts to bring up the wage discrepancy," in "both verbal and written demands," but that management did not address the problem. *Id.* ¶¶ 5–6. Instead, defendant "refused to pay any part of the amount due and owing" to her. *Id.* ¶ 6.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") regarding "this gender based discrimination," but on January 30, 2015, plaintiff's claim was denied. Compl. ¶ 7. On December 13, 2016, plaintiff filed this lawsuit in the Superior Court of the District of Columbia, Ex. 1 to Notice of Removal [Dkt. # 1-1], seeking damages totaling $107,200. Compl. at 2. On January 31, 2017, defendant removed the action to federal court. Notice of Removal. On February 7, 2017, defendant moved to dismiss the complaint pursuant to Rule 12(b)(6), contending that plaintiff's claims are untimely. Def.'s Mot. Plaintiff opposed the motion on March 13, 2017, arguing that the Court should toll the applicable statutes of limitations under the doctrine of equitable estoppel. Mem. of P. & A. in Opp. of Def.'s Mot. [Dkt. # 7] ("Pl.'s Opp."). Defendant filed its reply on March 22, 2017. Reply Br. in Supp. of Def.'s Mot. [Dkt. # 9] ("Def.'s Reply").

## STANDARD OF REVIEW

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 678–79.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, citing *Twombly*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, quoting *Twombly*, 550 U.S. at 556. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss under Rule 12(b)(6), the Court is bound to construe a complaint liberally in the plaintiff's favor, and it should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *See id.*; *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily

consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

## ANALYSIS

**I. Plaintiff's Title VII claim is time-barred, so the Court will grant defendant's motion to dismiss this claim.**

Title VII creates a cause of action for individuals who have been subjected to various types of employment discrimination. *See* 42 U.S.C. § 2000e–2. Before bringing a lawsuit, the complainant is required to file a charge with the EEOC. *See, e.g.*, *Payne v. Salazar*, 619 F.3d 56, 65 (D.C. Cir. 2010) ("Title VII '[c]omplainants must timely exhaust the[ir] administrative remedies before bringing their claims to court.'") (alteration in original), quoting *Bowden v. United States*, 106 F. 3d 433, 437 (D.C. Cir. 1997).

> Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, . . . [the EEOC] shall make an investigation thereof. . . . If the Commission determines after such investigation that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action.

42 U.S.C. § 2000e–5(b). The statute goes on:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge.

42 U.S.C. § 2000e–5(f)(1).

This ninety-day statute of limitations has been strictly construed. *See, e.g.*, *Maggio v. Wisconsin Ave. Psychiatric Ctr., Inc.*, 795 F.3d 57, 59 (D.C. Cir. 2015) ("Under 42 U.S.C. § 2000e–5(f)(1), if a complainant decides to sue his employer, he must bring the action

4

'within ninety days after the giving' of the notice."). A defendant may properly raise the affirmative defense of untimeliness in a pre-answer motion, such as a motion to dismiss, "when the facts that give rise to the defense are clear from the face of the complaint." *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 577–78 (D.C. Cir. 1998) (reasoning that "since a plaintiff's complaint necessarily includes certain facts about an alleged offense, such as dates, the plaintiff does not suffer from lack of notice when a defendant bases a pre-answer motion on the facts as alleged in the complaint").

Here, it is clear from the face of the complaint that plaintiff's EEOC charge was denied on January 30, 2015, but she did not file this lawsuit until December 13, 2016 – almost two years later. *See* Compl ¶ 7. Indeed, "[p]laintiff concedes that the 90 days in which she had to file a lawsuit following the dismissal of her [charge] passed before the filing of this claim." Pl.'s Opp. at 1. Therefore, plaintiff's claim under Title VII is time-barred. However, in her opposition to the motion to dismiss, plaintiff "begs the court to allow the Title VII claim to go forward." Pl's Opp. at 2. She points the Court to case law that recognizes that equitable tolling may apply when a defendant's conduct has induced the plaintiff to let a deadline go by, and she maintains that because defendant "has not been prejudiced in any manner," the Court should apply the doctrine to her

Title VII claim. Pl.'s Opp. at 2.[2] But plaintiff has not alleged facts to show any affirmative misconduct, and the lack of prejudice to defendant is not the determining factor.

It is true that "the 90-day period is not a jurisdictional prerequisite to filing suit in federal court but operates as a statute of limitations and is subject to waiver and equitable tolling." *Smith-Haynie*, 155 F.3d at 579. But the Court may exercise its discretionary equitable power "only in extraordinary and carefully circumscribed instances." *Id.* at 579–80, quoting *Mondy v. Sec'y of Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988). Plaintiff has not made such a showing here.

As the D.C. Circuit explained:

> Tolling on estoppel grounds is proper where a claimant has received inadequate notice, . . . where the court has led the plaintiff to believe that she had done everything requried of her, . . . [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.

*Id.* at 580, quoting *Mondy*, 845 F.2d at 1057 (internal quotation marks omitted). And plaintiff bears the burden of pleading and proving the equitable reasons for failing to meet the ninety-day requirement. *Saltz v. Lehman*, 672 F.2d 207, 209 (D.C. Cir. 1982). "Although absence of

---

2     Plaintiff uses the phrase "equitable tolling," but because her argument revolves around defendant's alleged acts that kept her from filing a timely suit, it appears plaintiff seeks to invoke the doctrine of equitable estoppel. *See* Pl.'s Opp. at 2–3. The D.C. Circuit has explained the difference between the two doctrines:

> Both equitable estoppel and equitable tolling operate, in a practical sense, to toll a limitations period. Although the Supreme Court and our court have occasionally conflated the two doctrines, they have distinct criteria. Whereas equitable tolling allows a plaintiff to avoid the bar of the limitations period if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim, equitable estoppel in the statute of limitations context prevents a defendant from asserting untimeliness where the *defendant* has taken active steps to prevent the plaintiff from litigating in time.

*Currier v. Radio Free Europe/Radio Liberty, Inc.*, 159 F.3d 1363, 1367 (D.C. Cir. 1998) (internal citations omitted) (emphasis in original).

prejudice [to defendant] is a factor to be considered, . . . it is not an independent basis for invoking the doctrine." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).

Here, plaintiff appears to argue that the statute of limitations should be tolled because defendant took some action to prevent her from filing a timely lawsuit. *See* Pl.'s Opp. at 2, citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("We have allowed equitable tolling . . . where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."). But plaintiff's pleadings are devoid of any allegations that could enable "the court to draw the reasonable inference" that defendant "tricked" her into waiting almost two years to file suit. *See Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 556. She does not allege that defendant took any steps to impede her from filing suit or to mislead her about when her complaint would be due. She alleges in her complaint that during her employment, she "made several attempts to bring up the wage discrepancy," but that management never addressed the problem. Compl. ¶ 5. She claims that defendant "refused to pay any part of the amount due and owing" to her after she "made both verbal and written demands for this payment." *Id.* ¶ 6. And she alleges that after her EEOC claim was denied, her counsel was "unsuccessful in his attempts to gain [her] any monetary compensation," and that "[d]efendant made no offer whatsoever." *Id.* ¶ 8.

Although plaintiff contends now that she had "no definitive way of knowing that [d]efendant would not eventually" "come to good terms with money owed to her" because defendant "did not follow [its] own internal grievance procedures . . . with regard to the discriminatory treatment against her," Pl.'s Opp. at 3, a defendant's inaction is an insufficient basis upon which to permit plaintiff to file an untimely lawsuit. *See Byrd v. District of Columia*, 807 F. Supp. 2d 37, 61–62 (D.D.C. 2011) (refusing to apply equitable estoppel where employer's inaction

allegedly prevented plaintiff from filing complaint). Further, plaintiff does not begin to suggest how defendant's refusal to meet her demands, or any alleged failure to follow internal grievance procedures, "tricked" her into waiting. So, the conclusory statements in plaintiff's opposition do not supply the necessary allegations here.

In the absence of any facts that would warrant tolling the applicable statute of limitations, plaintiff's Title VII claim will be dismissed because it is time-barred.

## II. Plaintiff's claim under the DCHRA is also time-barred, so the Court will grant defendant's motion to dismiss this claim.

The DCHRA provides that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action," D.C. Code § 2–1403.16(a), and plaintiff's sex-based discrimination claim falls within an extensive list of prohibited discriminatory practices. D.C. Code § 2–1401.01. Under District of Columbia law, a plaintiff alleging a violation of the DCHRA must bring such a suit "within one year of the unlawful discriminatory act, or the discovery thereof." D.C. Code § 2–1403.16(a); *see Brown v. Capitol Hill Club*, 425 A.2d 1309, 1311 (D.C. 1981) ("The Act provides specific timetables and procedures for filing a claim of discrimination: within one year of the alleged unlawful discriminatory practice or its discovery[,] . . . a complainant, seeking damages or other appropriate relief, may file a complaint . . . in any court of competent jurisdiction.").

Plaintiff was employed by defendant between July 10, 2013 and October 21, 2015. Compl. ¶ 3. And plaintiff alleges that she "came to know during her course of work that . . . the only reason she earned the rate she did was because of her gender." *Id.* ¶ 4. Construing the facts in the light most favorable to plaintiff, the latest possible date on which a discriminatory act could have occurred or plaintiff could have become aware of the alleged discrimination was her last day

of work – October 21, 2015.³ Because plaintiff did not file this lawsuit until approximately fourteen months later, her claim under the DCHRA is time-barred.

In her opposition, plaintiff again seeks to invoke the doctrine of equitable estoppel, arguing that defendant "attempted to lull her" into delaying filing this action. Pl.'s Opp. at 3. "The District of Columbia is one of a minority of jurisdictions that has not adopted a general equitable 'saving' statute to toll statutes of limitations," but it does recognize a "limited exception" to the "generally strict application of statutes of limitations: the lulling doctrine." *East v. Graphic Arts Indus. Joint Pension Trust*, 718 A.2d 153, 156 (D.C. 1998).

> Under the lulling doctrine, a defendant cannot assert the bar of the statute of limitations, if it appears the defendant has done anything that would tend to lull the plaintiff into inaction, and thereby permit the limitation prescribed by the statute to run.

*Id.* at 156–57 (internal quotation marks omitted). As in the case of the equitable tolling doctrine under Title VII, under D.C. law, "[t]he defendant must have done something that amounted to an affirmative inducement to plaintiffs to delay bringing action." *Bailey v. Greenberg*, 516 A.2d 934, 937 (D.C. 1986), quoting *Hornblower v. George Wash. Univ.*, 31 App. D.C. 64, 75 (1908). "[T]o show a 'lulling,' concrete evidence must be presented that clearly establishes that such activity occurred." *Jones v. Gov't Emps. Ins. Co.*, 621 A.2d 845, 847 (D.C. 1993), citing *Bailey*, 516 A.2d at 940.

Even granting plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Kowal*, 16 F.3d at 1276, as the Court is required to do at the motion to dismiss stage,

---

3  Defendant posits that the latest possible date that plaintiff's cause of action under the DCHRA could have accrued is the last day she received a paycheck. Def.'s Mem. at 5–6 (citing to case law under Title VII as persuasive authority that each paycheck resulting from a discriminatory compensation decision triggers a new filing period). However, neither party has presented the Court with any facts surrounding plaintiff's termination or resignation, or the date upon which plaintiff received her last paycheck. Even if the Court utilized the date proposed by defendant – October 28, 2016 –, *id.* at 6, her complaint would still be untimely.

plaintiff has failed to allege any affirmative acts taken by defendant that would have delayed plaintiff's filing of the complaint. And, as discussed above, even if defendant "did not follow [its] own internal grievance procedures to reach any conclusions with regard to the discriminatory treatment against" plaintiff, Pl.'s Opp. at 3, defendant's alleged conduct is best characterized as "mere silence," which "generally do[es] not rise to the level of affirmative misconduct." *East*, 718 A.2d at 157, quoting *William J. Davis, Inc. v. Young*, 412 A.2d 1187, 1192 (D.C. 1980).

Finally, plaintiff's contention that she "was not fully aware of the extent of the sex based discrimination against her until she was able to procure counsel" is unavailing. Pl.'s Opp. at 3. Plaintiff explicitly states that she was aware of the discrimination throughout her employment and that she even took action to try to remedy that discrimination while she was still employed. *See* Compl. ¶¶ 4–6. That a lawyer helped shed more light on her potential legal claims against defendant does not alter the statute of limitations analysis. *See East*, 718 A.2d at 160 (agreeing with the trial court's finding that it would not "toll the time limit for the approximately two years . . . it took [p]laintiff to obtain legal counsel and file her lawsuit" when the "facts indicate[d] that [p]laintiff had at least a general knowledge of her right to be free from discrimination").

So, plaintiff's DCHRA claim will be dismissed because it was filed outside the one-year statute of limitations and equitable estoppel does not apply to toll the statute of limitations.

## CONCLUSION

Based on the complaint and the arguments plaintiff raised in her opposition to the motion to dismiss, and granting plaintiff the reasonable inferences to which she is entitled at this stage, the Court finds that plaintiff has failed to allege any affirmative misconduct on behalf of defendant

that delayed her filing of this lawsuit. Therefore, plaintiff's claims under Title VII and the DCHRA are time-barred, and the Court will grant defendant's motion to dismiss.

A separate order will issue.

/s/ Amy B. Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: June 29, 2017